[Cite as *McCormick v. Lu*, 2019-Ohio-1074.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Moses McCormick et al., | : | |
| Plaintiffs-Appellants, | : | |
| | | No. 18AP-650 |
| v. | : | (C.P.C. No. 17CV-3086) |
| Hsiu Chen Lu et al., | : | (ACCELERATED CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on March 26, 2019

**On brief:** *Moses McCormick* and *Mark McCormick*, pro se.

**On brief:** *Reminger Co.*, *L.P.A.*, *Patrick Kasson*, and *Jackie M. Jewell*, for appellee Catherine White.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Plaintiffs-appellants, Moses McCormick ("Moses") and Mark McCormick, appeal from the July 31, 2018 judgment entry of the Franklin County Court of Common Pleas granting the motion for summary judgment filed by defendant-appellee Catherine White. For the following reasons, we sua sponte dismiss this appeal.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} This appeal arises from divorce and custody proceedings between Moses and defendant Hsiu Chen Lu. On June 16, 2017, appellants filed an amended complaint asserting claims of abuse of process, intimidation, intentional infliction of emotional distress, malicious prosecution, fraud and forgery, defamation, slander, negligence, tampering with records, coercion, willful misconduct, obstructing justice, engaging in a

pattern of corrupt activity, civil conspiracy, fraud on the court, and obstructing official business against 14 defendants including appellee and seeking in excess of $75 million in compensatory damages and $25 million in punitive damages.

{¶ 3} Appellee, who had been Moses's attorney in the underlying domestic case for approximately eight days, filed a motion for judgment on the pleadings seeking dismissal of all claims against her. On April 10, 2018, the trial court granted appellee's motion in part and dismissed all claims against appellee except a legal malpractice claim. In doing so, the trial court found, in pertinent part, appellants' complaint did not contain sufficient factual allegations of a predicate crime committed by appellee to support the obstructing official business claim and that "[t]here are no allegations that [appellee] set in motion a legal proceeding against [appellants]," a requirement of an abuse of process claim.[1] (Apr. 10, 2018 Decision at 4.) Therefore, the trial court found those claims failed as a matter of law.

{¶ 4} The trial court dismissed all defendants in the case except appellee, and, on April 19, 2018, appellants filed an appeal of seven judgment entries or orders pertaining to the other defendants. That appeal, which is separate from the appeal at hand, was assigned case No. 18AP-284.

{¶ 5} On June 6, 2016, appellee filed a motion for summary judgment on the remaining legal malpractice claim, which the trial court granted on July 31, 2018. Appellants filed a timely appeal of the July 31, 2018 judgment and waived oral argument.

{¶ 6} On February 21, 2019, this court in *McCormick v. Hsiu Chen Lu*, 10th Dist. No. 18AP-284, 2019-Ohio-624 ("*McCormick I*"), considered appellants' appeal involving the other defendants. Reviewing appellants' brief, this court in *McCormick I* stated:

> This Court has carefully reviewed the record of this matter and the briefs submitted by the parties. The document that purports to be the McCormicks' brief contains assignments of error, but it does not contain any intelligible arguments explaining or even pointing to how the trial court may have erred. App.R. 16(A)(7). In short, the McCormicks' brief consists of incoherent ramblings which this Court with determination has tried to make sense of by combing extensively through the record. Additionally, the McCormicks' filing is not formatted as required. App.R. 19(A); Loc.R. 2(D) and 8(A)(1) of the Tenth District Court of Appeals. The McCormicks' filing is not a brief in any operative sense of

---

[1] *Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.*, 68 Ohio St.3d 294 (1994), paragraph one of the syllabus.

the word and fails to comply substantially with the rules of this
Court or the Ohio Rules of Civil or Appellate Procedure.

*Id.* at ¶ 19.

{¶ 7} Therefore, this court in *McCormick I* sua sponte dismissed the appeal under App.R. 18(C), since appellants "failed to file a brief even substantially in conformity with the Ohio Rules of Appellate Procedure, and after a determined effort we cannot divine from it any intelligible arguments we can address regarding the trial court's various decisions." *Id.* at ¶ 20.

## II. ASSIGNMENTS OF ERROR

{¶ 8} Appellants assign the following as trial court error:

[1.] The *trial Court Erred* when it failed to take proper inquiry into the **Abuse of Process Claim** Set forth by Appellants in their Complaint.

[2.] The *trial Court Erred* when it failed to acknowledge this cause of action set forth by Appellants in their Complaint.

[3.] The Trial Court Erred When it failed to provide Appellants a Pre-Trial, There are [sic] no Pre-Trial hearing that took place on the record and Appellants were not afforded a chance to participate in a Pre-Trial hearing.

(Emphasis sic.)

## III. DISCUSSION

{¶ 9} In the instant appeal, appellants filed the same brief, with only the numbering corrected and the judgment appealed updated, that we determined in *McCormick I* to be unintelligible and in violation of multiple rules of procedure to the point sua sponte dismissal under App.R. 18(C) was justified.

{¶ 10} The same result is warranted in the present appeal. "[I]t is well-established that pro se litigants are held to the same rules, procedures, and standards as litigants represented by counsel." *Goodrich v. Ohio Unemp. Comp. Rev. Comm.*, 10th Dist. No. 11AP-473, 2012-Ohio-467, ¶ 25. Pursuant to App.R. 16(A)(7), "[t]he appellant shall include in its brief, under the headings and in the order indicated, all the following: * * * (7) [a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." It is not the

duty of an appellate court to create an argument on an appellant's behalf. *McKahan v. CSX Transp., Inc.*, 10th Dist. No. 09AP-376, 2009-Ohio-5359, ¶ 10; *Pearn v. Daimler Chrysler Corp.*, 148 Ohio App.3d 228, 237-38, 2002-Ohio-3197 (9th Dist.); *State v. Smith*, 9th Dist. No. 15AP0001n, 2017-Ohio-359, ¶ 22.

{¶ 11} Reviewing appellants' brief, we are unable to discern what appellants wish us to review in relation to appellee and the judgment appealed here. We note the first two assignments of error concern claims (abuse of process and obstructing official business) that the trial court clearly did "inquir[e]" into and "acknowledge" by finding essential elements of those claims wholly lacking in reference to appellee, and appellants give no indication of what error the trial court may have committed in doing so. (Appellants' Brief at 13.) The third assignment of error is equally devoid of information which would allow us to determine what appellants' assignment of error is referring to in relation to the trial court's judgment in favor of appellee.[2] Furthermore, we agree with the assessment in *McCormick I* that appellants' brief violates our local rules and rules of appellate procedure. Therefore, consistent with *McCormick I*, we sua sponte dismiss this appeal.

## IV. CONCLUSION

{¶ 12} Having determined appellants failed to file a brief in conformity with the Ohio Rules of Appellate Procedure and failed to present intelligible arguments we can address regarding the trial court's decision, we sua sponte dismiss this appeal. App.R. 18(C).

*Appeal dismissed.*

BROWN and DORRIAN, JJ., concur.

_____

---

[2] *See also McCormick I* at ¶ 19, fn. 2.